| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

JOHN VICKNAIR, Individually and §
On Behalf of All Others Similarly §
Situated, §
　　　　　　　　　　　　　　　　§
　　　　*Plaintiff(s)*, §
　　　　　　　　　　　　　　　　§　　　　No. _____
v. §
　　　　　　　　　　　　　　　　§
SCHLUMBERGER TECHNOLOGY §
CORPORATION, §
　　　　　　　　　　　　　　　　§
　　　　*Defendant(s)*. §

## PLAINTIFF JOHN VICKNAIR'S ORIGINAL COMPLAINT

Plaintiff John Vicknair (referred to as "Vicknair") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Schlumberger Technology Corporation (referred to as "Schlumberger") who worked as field specialists during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1.　　Vicknair's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Schlumberger violated the FLSA by employing Vicknair and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Schlumberger willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Vicknair brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Schlumberger who worked as field specialists during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because Schlumberger resides in this district and division. 28 U.S.C. § 1391(b)(1).

### III. Parties

9. Vicknair is an individual who resides in Iberia Parish, Louisiana and who was employed by Schlumberger during the last three years.

10. Schlumberger is a Texas corporation that may be served with process by serving its registered agent:

> Capitol Corporate Services, Inc.
> 206 E 9th Street, Suite 1300
> Austin, Texas 78701

Alternatively, if the registered agent of Schlumberger cannot with reasonable diligence be found at the company's registered office, Schlumberger may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. An allegation that Schlumberger committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Schlumberger or was done in the normal course and scope of employment of Schlumberger's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. Schlumberger is an oilfield services company.

13. Schlumberger does business in the territorial jurisdiction of this Court.

14. Schlumberger employed Vicknair from March 31, 2019 to July 20, 2020.

15. Schlumberger employed Vicknair as a field specialist.

16. As a field specialist, Vicknair was responsible for maintaining oilfield equipment.

17. During Vicknair's employment with Schlumberger, he was engaged in commerce or in the productions of goods for commerce.

18. During Vicknair's employment with Schlumberger, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Vicknair's employment with Schlumberger, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Vicknair's employment with Schlumberger, the company had an annual gross volume of sales made or business done of at least $500,000.

21. Schlumberger paid Vicknair on a salary basis.

22. Schlumberger paid Vicknair on a biweekly basis by direct deposit.

23. During Vicknair's employment with Schlumberger, he regularly worked in excess of forty hours per week.

24. Schlumberger knew or should have known that Vicknair worked in excess of forty hours per week.

25. Schlumberger did not pay Vicknair for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26. Instead, Schlumberger paid Vicknair a fixed sum—a salary—regardless of the number of hours he worked.

27. Vicknair was not exempt from the maximum hour requirements of the FLSA.

28. As a field specialist, Vicknair's primary duties were nonexempt.

29. As a field specialist, Vicknair's primary duties did not include office or nonmanual work.

30. As a field specialist, Vicknair's primary duties were not directly related to the management or general business operations of Schlumberger or its customers.

31. As a field specialist, Vicknair's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32. As a field specialist, Vicknair did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33. As a field specialist, Vicknair was, instead, required to follow Schlumberger's policies, practices and procedures.

34. As a field specialist, Vicknair did not have any independent authority to deviate from Schlumberger's policies, practices and procedures.

35. Schlumberger knew or should have known that Vicknair was not exempt from the maximum hour requirements of the FLSA.

36. Schlumberger willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37. During Vicknair's employment with Schlumberger, the company did not maintain accurate time and pay records for Vicknair as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38. During Vicknair's employment with Schlumberger, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

39. Schlumberger continued the pay practice(s) complained of by Vicknair without investigation after being put on notice that the pay practice(s) violated the FLSA.

40. Schlumberger has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

41. Prior to this lawsuit, Schlumberger conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Vicknair.

42. Because Schlumberger willfully violated the FLSA, the company is liable to Vicknair for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

43. As a result of the FLSA violation(s) described above, Schlumberger is liable to Vicknair for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

44. All field specialists employed by Schlumberger during the last three years are similarly situated to Vicknair because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Schlumberger under 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

45. Vicknair adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. During Vicknair's employment with Schlumberger, he was a nonexempt employee.

47. As a nonexempt employee, Schlumberger was legally obligated to pay Vicknair "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

48. Schlumberger did not pay Vicknair "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

49. Instead, Schlumberger paid Vicknair a fixed sum—a salary—regardless of the number of hours he worked.

50. If Schlumberger classified Vicknair as exempt from the maximum hour requirements of the FLSA, he was misclassified.

51. As a result of the FLSA violation(s) described above, Schlumberger is liable to Vicknair for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

52. Vicknair adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. Schlumberger willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

54. During Vicknair's employment with Schlumberger, the company did not maintain accurate time and pay records for Vicknair as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

55. During Vicknair's employment with Schlumberger, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

56. Schlumberger continued the pay practice(s) complained of by Vicknair without investigation after being put on notice that the pay practice(s) violated the FLSA.

57. Schlumberger has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

58. Prior to this lawsuit, Schlumberger conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Vicknair.

59. Because Schlumberger willfully violated the FLSA, the company is liable to Vicknair for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

60. Vicknair adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61. On information and belief, other employees of Schlumberger have been victimized by the FLSA violation(s) described above.

62. These employees are similarly situated to Vicknair because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

63. Schlumberger's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

64. Since Vicknair's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65. For these reasons, Vicknair requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All field specialists employed by Schlumberger during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid a fixed sum—a salary—regardless of the number of hours they worked.

66. Schlumberger is liable to Vicknair and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

67. Vicknair has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

68. Vicknair adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69. Vicknair is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

70. Vicknair is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

71. Vicknair has retained the professional services of the undersigned attorneys.

72. Vicknair has complied with the conditions precedent to recovering attorney's fees and costs.

73. Vicknair has incurred or may incur attorney's fees and costs in bringing this lawsuit.

74. The attorney's fees and costs incurred or that may be incurred by Vicknair were or are reasonable and necessary.

75. Schlumberger is liable to Vicknair and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

### IX.  Relief Sought

76. Vicknair demands the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. an incentive award for Vicknair for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c. judgment against Schlumberger in Vicknair's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

   d. all other relief and sums that may be adjudged against Schlumberger in Vicknair's favor both individually and on behalf of the putative class members.

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 675
        Houston, Texas 77002-1063
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        By: */s/ Melissa Moore*
        Melissa Moore
        Tex. Bar No. 24013189
        S.D. Tex. Bar No. 25122
        melissa@mooreandassociates.net
        Curt Hesse
        Tex. Bar. No. 24065414
        S.D. Tex. Bar No. 968465
        curt@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar No. 3487389
renu@mooreandassociates.net